UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEFAN JEREMIAH,<br><br>                                  Plaintiff,<br><br>  - against -<br><br>GATEWAY BLEND, LLC<br><br>                                  Defendant. | Docket No. 4:19-cv-535<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff Stefan Jeremiah ("Jeremiah" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Gateway Blend, LLC ("Gateway" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Ivanka Trump's stalker Justin Massler in Court, owned and registered by Jeremiah, a New York based professional photographer. Accordingly, Jeremiah seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.    This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Missouri.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Jeremiah is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 770 Washington Avenue, Apt. 1 Brooklyn, New York 11238.

6. Upon information and belief, Gateway is a domestic limited liability company organized and existing under the laws of the State of Missouri, with a place of business 120 South Central Avenue, Clayton, MO 63105. Upon information and belief Gateway is registered with the Missouri Department of State Division of Corporations to do business in the State of Missouri. At all times material, hereto, Gateway has owned and operated websites at the URL: www.Suggest.com and www.BrainJet.com (the "Websites").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photograph**

7. Jeremiah photographed Ivanka Trump's stalker Justin Massler in Court (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Jeremiah then licensed the Photograph to Page Six/New York Post. Page Six/The New York Post ran an article that featured the Photograph titled *Ivanka Trump's stalker at it again.* See URL: https://pagesix.com/2015/02/14/ivanka-trumps-stalker-at-it-again/. Jeremiah's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9.     Jeremiah is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.    The Photograph was registered with the United States Copyright Office and was given registration number VA 2-105-102.

**B.     Defendant's Infringing Activities**

11.    Gateway ran an article on one of the Websites entitled *The Absolute Craziest Celeb Stalker Stories.* See URL: https://www.suggest.com/celebs/63321/the-absolute-craziest-celeb-stalker-stories/?story_page=1. The article featured the Photograph. A true and correct copy of the article and a screenshot is attached hereto as Exhibit C.

12.    Gateway ran another article on one of the Website entitled *Celebs Reveal Their Most Terrifying Stalker Stores.* See https://www.brainjet.com/pop-culture/2365490/celebs-reveal-their-most-terrfying-stalker-stories/. The article featured the Photograph. A true and correct copy of the article and a screenshot is attached hereto as Exhibit D.

13.    Gateway did not license the Photograph from Plaintiff for its articles, nor did Gateway have Plaintiff's permission or consent to publish the Photograph on its Websites.

14.    Jeremiah first discovered the use of the Photograph by the Defendant on the Websites in December 2016.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

15.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16.    Gateway infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Websites. Gateway is not, and has never been,

licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

17. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

21. Upon information and belief, in its article on the Websites, Defendant copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stating, "Stefan Jeremiah" and placed it on its Websites without the gutter credit.

22. Upon information and belief, Gateway intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of Gateway violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Gateway's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Gateway intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Gateway also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26. As a result of the wrongful conduct of Gateway as alleged herein, Plaintiff is entitled to recover from Gateway the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Gateway because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Gateway statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Gateway be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Gateway be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded punitive damages for copyright infringement;

8. That Plaintiff be awarded attorney's fees, costs, and expenses;

9. That Plaintiff be awarded pre-judgment interest; and

10. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
March 19, 2019

LIEBOWITZ LAW FIRM, PLLC
By: /s/Richard Liebowitz

Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Stefan Jeremiah*